Sarah E. Marinho, SBN 293690
**MARINHO LAW FIRM**
59 N. Santa Cruz Ave., Ste.Q
Los Gatos, CA 95030
T: (408) 827-8690
F: (408) 317-0330
E: sarah@marinholawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| GEORGIANN LOPEZ JONES and PABLO ARECHIGA individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SALINAS and JONATHAN JUAREZ, individually, <br><br> Defendants. | Case No. 26-cv-1754 <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS <br><br> JURY TRIAL DEMANDED |

**NATURE OF THE ACTION**

1.      On February 28, 2024, Plaintiff Georgiann Lopez Jones was a passenger in a vehicle driven by her boyfriend, Plaintiff Pablo Arechiga, when he was pulled over illegally by Salinas Police Officer Defendant Jonathan Juarez. During the traffic stop, Defendant Juarez used excessive force on Jones by grabbing her when she was non-resisting and not the subject of the stop, twisting her arms and fingers, resulting in a torn tendon in her shoulder, injuring both arms and hands, breaking her finger, injuring her neck and back, covering her in bruises and causing severe emotional distress which persists today.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

1

2.     Arechiga claims that the stop was racially discriminatory due to him being a Latino man with facial tattoos. Prior to being stopped, Arechiga obeyed all traffic laws and Defendant Juarez had no probable cause for the stop.

**JURISDICTION**

3.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory and constitutional provisions.

**VENUE**

4.     Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the unlawful acts, practices and omissions giving rise to the claims brought by Plaintiff occurred in the city of Salinas, which is within this judicial district.

5.     Rule 3 of the Federal Rules of Civil Procedure and Local Rule 3-2(e) authorize assignment to this division because all or a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Monterey, which is served by this division.

**PARTIES**

6.     Plaintiff GEORGIANN LOPEZ JONES is a resident of Salinas, California. She was an unarmed non-resisting passenger in a vehicle when Defendant Juarez used excessive force on her during an illegal traffic stop.

7.     Plaintiff PABLO ARECHIGA is a resident of Salinas, California. He was racially profiled by Defendant Juarez and then subjected to an illegal traffic stop.

8.     Defendant CITY OF SALINAS (hereinafter referred to as "CITY") is and at all times mentioned herein was a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY operates, manages, directs and controls the Salinas Police Department ("SJPD") which employs other defendants in this action.

9.     At all times mentioned herein, Defendant JONATHAN JUAREZ was employed as a police officer for City of Salinas Police Department. By engaging in the conduct described below, Defendant JUAREZ acted under the color of law and in the course and scope of his

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

2

employment for the City.  By engaging in the conduct described here, Defendant JUAREZ exceeded the authority vested in him as a law enforcement officer under the United States Constitution and as an employee of the City.

10.    Plaintiffs are informed and believe and thereon allege that Defendant was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described and proximately caused injuries and damages to Plaintiffs.

11.    At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

### ADMINISTRATIVE REMEDIES EXHAUSTED

12.    On August 27, 2024, Plaintiffs each served a timely government tort claim on Defendant by serving the City Clerk within six months from the date of the alleged violation, February 28, 2024. The City acknowledged receipt of the claims but did not accept or reject the claim within 45 days, and therefore it was rejected by operation of law and this lawsuit is timely within the two year statute of limitations.

### STATEMENT OF FACTS

13.    On February 28, 2024, Plaintiff Georgiann Lopez Jones ("Jones") was having intense stomach pains and asked her boyfriend to drive her to the emergency room. Plaintiff Pablo Arechiga ("Arechiga") immediately helped her into the car and drove out of their apartment complex, heading for the hospital.

14.    No sooner had Arechiga turned out onto the street, Defendant Jonathan Juarez ("Juarez") made eye contact with him from his Salinas police vehicle which was traveling in the opposite direction. Juarez stared over his shoulder at Arechiga and promptly flipped an illegal U-turn, resulting in his police vehicle now being directly behind Plaintiffs vehicle.

15.    Arechiga, who saw Juarez stare at him and then maneuver to get behind him, consciously drove carefully and followed all traffic laws, knowing a police officer was behind him.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

3

16.    Arechiga, who was not on probation or parole at the time of the events complained of herein, is a young Latino male with tattoos on his face which he alleges is the reason Juarez targeted him. Arechiga had never seen Juarez prior to this interaction,

17.    Arechiga continued driving towards the hospital and he and Jones discussed the fact that the officer continued to follow them. When Juarez did not effectuate a traffic stop but continued to follow them, Jones became fearful as to what was happening. She called 911 to report that she was on her way to the hospital for a medical emergency and that an officer was following them in a scary fashion. While on the phone with 911, Juarez finally activated his lights and sirens and pulled Plaintiffs' vehicle over.

18.    Arechiga pulled over promptly and when Juarez approached his car window, Juarez failed to notify Arechiga of the reason for the traffic stop, as required by California law. Juarez demanded Arechiga's license and registration, and Arechiga asked Juarez why he was being pulled over. Juarez hesitated and finally mumbled, "you didn't stop at the white line." Arechiga asked him what white line he was referring to and Juarez told him it was a white line at a previous intersection. Arechiga insisted that he had stopped at that intersection stop sign, but continued to comply with the officer during the traffic stop.

19.    Meanwhile, Jones was still on the phone with the 911 dispatcher who asked for the police vehicle's license plate. Jones exited the vehicle to recite the police license plate, but Juarez ordered her to get back in the vehicle. Jones got back into the vehicle, but Juarez had already become enraged and rushed at her passenger side door which she was closing. He yelled at her to get out of the car and grabbed her by the arm and forcibly pulled her out. Jones screamed in pain as the officer twisted her arms and hands, including her finger which had recently been broken and surgically repaired and was healing.

20.    During this excessive force, Juarez handled Jones so roughly that he tore a tendon in her shoulder. The distress caused Jones, who was already having serious stomach pain and was on the way to the ER, to defecate on herself during the use of force. Arechiga stood by the driver's side door while another police officer pointed a taser at him and told him not to move. Arechiga helplessly watched in horror as his girlfriend was brutalized by Juarez.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

4

21. Juarez searched the Plaintiffs' vehicle and Jones' purse without consent or other exception to the warrant requirement.

22. Later, Juarez cited Arechiga for driving on a suspended license and told Arechiga that he would get rid of the citation if Arechiga agreed to become a criminal informant for Juarez. Arechiga refused and again felt discriminated against on the basis of his race. Juarez lied in his police report and claimed that he pulled Plaintiffs over because Arechiga failed to stop at an intersection. Video evidence from a residence at that intersection proved that in fact Arechiga did a full and complete stop at that stop sign, and Juarez then failed to stop at the stop sign and sped through the intersection.

**DAMAGES**

23. Jones suffered physical and emotional injuries from the unlawful use of force. She has endured ongoing pain and medical treatment for her injuries and will be in pain for the rest of her life due to Juarez' brutality.

24. Arechiga suffered emotional distress from the illegal stop based on racial discrimination and lacking in probable cause. He does not feel safe in his neighborhood where Juarez continues to intimidate him.

25. As a proximate result of Defendant's conduct Plaintiffs suffered severe emotional and mental distress, fear of law enforcement, terror, nightmares, flashbacks, anxiety, depression, humiliation, embarrassment, and loss of their sense of security, dignity, and pride.

26. The conduct of Juarez was malicious, sadistic, wanton, and oppressive. Plaintiffs are therefore entitled to award of punitive damages against the Defendants.

**CLAIMS FOR RELIEF**

**First Cause of Action**
**(Fourth Amendment – 42 U.S.C. § 1983)**
**(Jones Against Juarez)**

27. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

28.     By the actions and omissions described above, Defendant Juarez violated 42 U.S.C. §1983, depriving Plaintiffs of the clearly-established and well-settled right to be free from excessive or unreasonable force as secured by the Fourth Amendment, the right to be free from unreasonable searches and seizures as secured by the Fourth Amendment.

29.     Defendant subjected Plaintiff to Defendant's wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

30.     As a direct and proximate result of Defendant's acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 21-23, above.

31.     The conduct of Defendant entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 as set forth at paragraph 24, above.

32.     Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and as otherwise allowed by law.

**Second Cause of Action**
**(Fourth Amendment – 42 U.S.C. § 1983)**
**(Arechiga Against Juarez)**

33.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

34.     By the actions and omissions described above, Defendant Juarez violated 42 U.S.C. §1983, depriving Plaintiff of the clearly-established and well-settled right to be free from unreasonable searches and seizures as secured by the Fourth Amendment.

35.     Defendant subjected Plaintiff to Defendant's wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

36.     Juarez discriminated against Arechiga on the basis of his race and pulled him over without probable cause, then lied about his probable cause.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

6

37.     As a direct and proximate result of Defendant's acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 21-23, above.

38.     The conduct of Defendant entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 as set forth at paragraph 24, above.

39.     Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and as otherwise allowed by law.

**Third Cause of Action**
**(California Civil Code § 52.1)**
**(Jones Against Juarez)**

40.     Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

41.     The conduct of Defendant as described herein violated California Civil Code § 52.1, in that they interfered with Plaintiff's exercise and enjoyment of her civil rights, as enumerated above, through excessive force.

42.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violation of her State and Federal constitutional rights, and suffered damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

43.     Since the conduct of Defendant occurred in the course and scope of his employment, City of Salinas is therefore liable to Plaintiff pursuant to *respondeat superior*.

**Fourth Cause of Action**
**(California Civil Code § 52.1)**
**(Arechiga Against Juarez)**

44.     Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

45.    The conduct of Defendant as described herein violated California Civil Code § 52.1, in that he interfered with Plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through intimidation and threats.

46.    As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violation of his State and Federal constitutional rights, and suffered damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

47.    Since the conduct of Defendant occurred in the course and scope of his employment, City of Salinas is therefore liable to Plaintiff pursuant to *respondeat superior*.

**Fifth Cause of Action**
**(California Civil Code § 52.1)**
**(Jones Against City of Salinas)**

48. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

49.    The conduct of Defendant as described herein violated California Civil Code § 52.1, in that he interfered with Plaintiff's exercise and enjoyment of her civil rights, as enumerated above, through excessive force and threats.

50.    As a direct and proximate result of Defendants' violation of Civil Code § 52.1, each Plaintiff suffered violation of his or her State and Federal constitutional rights, and suffered damages as set forth in paragraphs 153-163.  The punitive damage allegations of paragraph 164 apply in this Claim for Relief to all individually-named Defendants.

51.    Since the conduct of Defendants occurred in the course and scope of their employment, Defendant CITY is therefore liable to each Plaintiff pursuant to *respondeat superior*.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

8

**Sixth Cause of Action**
**(California Civil Code § 52.1)**
**(Arechiga Against City of Salinas)**

52.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

53.    The conduct of Defendant as described herein violated California Civil Code § 52.1, in that he interfered with Plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through intimidation and threats.

54.    As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violation of his State and Federal constitutional rights, and suffered damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

55.    Since the conduct of Defendant occurred in the course and scope of his employment, City of Salinas is therefore liable to Plaintiff pursuant to *respondeat superior*.

**Seventh Cause of Action**
**Intentional Infliction of Emotional Distress**
**(Jones Against Juarez)**

56.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

57.    The conduct of Defendant Juarez, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  In order to deliberately injure, intimidate and harass Plaintiff, Defendant Juarez committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs and convey fear and intimidation to Plaintiffs.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

9

58.    As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress.

59.    As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

60.    Since the conduct of Defendants and the injuries to Plaintiffs that they inflicted, occurred in the course and scope of their employment, Defendant City is therefore liable to Plaintiffs pursuant to *respondeat superior*.

**Eighth Cause of Action**
**Intentional Infliction of Emotional Distress**
**(Arechiga Against Juarez)**

61.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

62.    The conduct of Defendant Juarez, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  In order to deliberately injure, intimidate and harass Plaintiff, Defendant Juarez committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs and convey fear and intimidation to Plaintiffs.

63.    As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress.

64.    As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

10

65.    Since the conduct of Defendants and the injuries to Plaintiffs that they inflicted, occurred in the course and scope of their employment, Defendant City is therefore liable to Plaintiffs pursuant to *respondeat superior*.

**Ninth Cause of Action**
**Intentional Infliction of Emotional Distress**
**(Jones Against City of Salinas)**

66.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

67.    The conduct of Defendant Juarez, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  In order to deliberately injure, intimidate and harass Plaintiff, Defendant Juarez committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs and convey fear and intimidation to Plaintiffs.

68.    As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress.

69.    As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

70.    Since the conduct of Defendants and the injuries to Plaintiffs that they inflicted, occurred in the course and scope of their employment, Defendant City is therefore liable to Plaintiffs pursuant to *respondeat superior*.

**Tenth Cause of Action**
**Intentional Infliction of Emotional Distress**
**(Arechiga Against City of Salinas)**

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

11

71.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

72.    The conduct of Defendant Juarez, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  In order to deliberately injure, intimidate and harass Plaintiff, Defendant Juarez committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs and convey fear and intimidation to Plaintiffs.

73.    As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress.

74.    As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

75.    Since the conduct of Defendants and the injuries to Plaintiffs that they inflicted, occurred in the course and scope of their employment, Defendant City is therefore liable to Plaintiffs pursuant to *respondeat superior*.

**Eleventh Cause of Action**
**(Battery)**
**(Jones Against Juarez)**

76.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

77.    Defendant Juarez committed a battery when he touched Jones with the intent to harm or offend her. Jones did not consent to Juarez touching her and she was harmed and offended by

---

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

his conduct. A reasonable person in Jones' situation would have been offended by the touching.

78.    As a direct and proximate result of Defendant's battery of Plaintiff, she suffered violation of her State and Federal constitutional rights, and suffered damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

79.    Since the conduct of Defendant occurred in the course and scope of his employment, City of Salinas is therefore liable to Plaintiff pursuant to *respondeat superior*.


**Twelfth Cause of Action**
**(Battery)**
**(Jones Against City of Salinas)**

80.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

81.    Defendant Juarez committed a battery when he touched Jones with the intent to harm or offend her. Jones did not consent to Juarez touching her and she was harmed and offended by his conduct. A reasonable person in Jones' situation would have been offended by the touching.

82.    As a direct and proximate result of Defendant's battery of Plaintiff, she suffered violation of her State and Federal constitutional rights, and suffered damages as set forth in paragraphs 21-23.  The punitive damage allegations of paragraph 24 apply in this Claim for Relief to all individually-named Defendants.

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754

13

83.    Since the conduct of Defendant occurred in the course and scope of his employment, City of Salinas is therefore liable to Plaintiff pursuant to *respondeat superior*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1.)    Award Plaintiffs general, special and compensatory damages in an amount to be proven at trial.

2.)    Award Plaintiffs punitive damages against individually named Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiffs.

3.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

4.) Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 27, 2026

_____
SARAH E. MARINHO
Attorney for Plaintiffs

JURY DEMAND:  Plaintiffs demand a trial by jury in this matter, pursuant to FRCP 38(a).

Dated: February 27, 2026

_____
SARAH E. MARINHO
Attorney for Plaintiffs

Complaint for Damages for Violation of Civil Rights - Jury Trial Demanded
Jones, et al. v. City of Salinas, et al.
Case No. 26-cv-1754